IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
MAY 21 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**GOODVILLE MUTUAL CASUALTY COMPANY,**

Plaintiff,

v.                                                              CIVIL ACTION NO. 2:19-cv-607

**NICKY ELMO DOBY,**
**Administrator of the Estate of**
**JACKIE MARIE CASSIDY, Deceased,**

**MICHAEL CAREY,**
**Administrator of the Estate of**
**LEWARREN EDWIN BURRELL, Deceased,**

**MAXINE DUCK,**

and

**MAIN STREET AMERICA PROTECTION INSURANCE COMPANY,**

Defendants.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Main Street America Protection Insurance Company's ("Main Street") Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 51. Having reviewed the parties' filings in this case, the Court finds that this matter is ripe for judicial review. For the reasons set forth below, Main Street's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

### I.    FACTUAL AND PROCEDURAL HISTORY

On May 12, 2019, Jackie Marie Cassidy ("Ms. Cassidy") and LeWarren Edwin Burrell ("Mr. Burrell") were involved in a fatal vehicle collision. ECF No. 39 at ¶¶ 13–16. The Estate of

1

Ms. Cassidy subsequently filed a wrongful death lawsuit against the Estate of Mr. Burrell for negligence and against Maxine Duck, the owner of the vehicle Burrell was driving, for negligent entrustment. *Id.* at ¶17. Main Street insured Ms. Cassidy's automobile, and Goodville Mutual Casualty Company ("Goodville") insured the automobile owned by Ms. Duck. *Id.* at ¶¶ 1, 18.

On November 7, 2019, Goodville commenced the following action seeking a declaratory judgment on whether Goodville was required to defend and indemnify the Estate of Mr. Burrell in the wrongful death suit. *Id.* at 7; *see also* ECF No. 1. Defendants Maxine Duck, Main Street, and the Estates of Cassidy and Burrell filed Answers to the Complaint. ECF Nos. 42–45. On April 22, 2019, Main Street filed its First Motion to Dismiss for lack of subject matter jurisdiction. ECF No. 51. Goodville opposed the motion on May 1, 2020. ECF No. 53. On May 4, 2020, Defendant Main Street filed a reply. ECF No. 54.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Therefore, a court must address questions of subject matter jurisdiction before it can resolve the claims before it. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). When a court lacks subject matter jurisdiction over the action, a defendant can move for dismissal pursuant to Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

In every federal case, a plaintiff must also establish standing in order for an action to proceed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is a jurisdictional issue courts consider independently. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 118

2

(4th Cir. 2004). Standing requires a plaintiff to allege a concrete injury that is "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560.

Even where standing and subject matter jurisdiction exist, a court may have discretion over whether to exercise jurisdiction as is the case with actions for declaratory judgment. The Declaratory Judgment Act gives district courts in "a case of actual controversy within its jurisdiction" discretion to decide whether to declare the rights of litigants. 28 U.S.C. § 2201. To determine whether to exercise jurisdiction over a declaratory judgment action when a parallel state court proceeding is ongoing, courts must consider "federalism, efficiency, and comity." *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004). Courts often look to four factors ("*Nautilus* factors") when making this determination: "(1) the state's interest in having its own courts decide the issue; (2) the state court's ability to resolve the issues more efficiently than federal courts; (3) the potential for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law; and (4) whether the federal action is mere forum-shopping." *Id.* (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994), abrogated in part on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)). If the court finds that these factors weigh against exercising jurisdiction, the court will dismiss the action.

### III. DISCUSSION

Main Street acknowledges that this Court has subject matter jurisdiction, through diversity jurisdiction, over the declaratory judgment action. *See* ECF No. 43. However, Main Street argues that this Court lacks Article III jurisdiction with respect to Goodville's duty to indemnify claim. ECF Nos. 52, 54. Main Street also argues that this Court should decline to exercise jurisdiction over Goodville's duty to defend claim. *Id.* These arguments will be reviewed in turn.

*a. Duty to Indemnify*

Main Street's request for dismissal of Goodville's duty to indemnify issue relies heavily on the recent United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") case, *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 202 (4th Cir. 2019). In *Trustguard*, an automobile insurer sought a declaratory judgment from a federal district court that it had no duty to indemnify a defendant in a personal injury action that was being litigated in state court. *Id.* On appeal, the Fourth Circuit expressed concerns over whether the insurer had standing to bring the declaratory judgment, or whether the case was ripe for review, noting specifically that suits about the duty to indemnify, unlike duty to defend suits, are ordinarily advisory when the insured's liability remains undetermined. *Trustgard*, 942 F.3d at 200 (citations omitted). The Fourth Circuit ultimately declined to resolve the constitutional question concerning duty to indemnify cases, holding instead that the district court should have declined to exercise its discretion under the Declaratory Judgment Act. *Id.* at 201.

Based on *Trustgard*, Main Street argues that this Court lacks Article III jurisdiction to hear Goodville's duty to indemnify issue. ECF No. 52 at 5. Specifically, Main Street argues that the duty to indemnify issue is not ripe and any such opinion from this Court on the issue would constitute an advisory opinion. *Id.* Goodville, on the other hand, argues that *Trustgard* is distinguishable because whereas *Trustgard* only involved the duty to indemnify, Goodville's case is about both the duty to indemnify and the duty to defend. ECF No. 53 at 3. Plaintiff therefore argues that this Court's opinion would not be advisory, and the concerns in *Trustgard* are inapplicable. *Id.*

The Court analyzes each issue – the duty to defend and the duty to indemnify – separately. In considering the duty to indemnify issue, the Court finds *Trustgard* instructive with regards to

the jurisdictional concerns it raises. Since liability has not yet been determined in the underlying state court action, the Court finds that hearing the duty to indemnify claim in this case would raise serious questions about Article III jurisdiction. However, similar to the Fourth Circuit in *Trustgard*, the Court declines to resolve the constitutional questions of standing and ripeness, and instead analyzes whether to exercise jurisdiction to hear the duty to indemnify issue while the underlying state court action is pending. *Trustgard*, 942 F.3d at 201 (noting that the court may address a discretionary jurisdictional question over the nondiscretionary jurisdiction question).

First, the Court finds that the state court's interest is significantly advanced regarding the duty to indemnify issue. Although the contractual coverage issue of whether to indemnify is not before the state court, the state court is considering whether Ms. Duck negligently entrusted her vehicle to Mr. Burrell. In deciding whether Goodville is required to indemnify Mr. Burrell, this Court will have to resolve the same factual issue of whether Ms. Duck negligently entrusted her vehicle to Mr. Burrell, or whether Mr. Burrell had a reasonable belief that he was permitted to use Ms. Duck's vehicle. *See* ECF No. 39 at ¶ 33. Not only does the state court have an interest in litigating the issues and making findings of fact, but also the state court may do so more efficiently, which addresses the second *Nautilus* factor. While the Court in a declaratory judgment action may make its own evidentiary findings, the state court may more efficiently do so with more extensive discovery and with a jury as the fact finder. To this point, in most duty to indemnify cases, courts usually wait until the ultimate findings of fact are determined by the state court. *See e.g.*, *Builders Mut. Ins. Co. v. Futura Grp., L.L.C.*, 779 F. Supp. 2d 529, 534 (E.D. Va. 2011) (*citing Pa. Nat'l Mut. Cas. Ins. Co. v. Block Roofing Corp.*, 754 F.Supp.2d 819, 827 (E.D.Va.2010) (applying Virginia law and concluding that a duty to indemnify decision is only made "after the state court has made its decision"); *Capital Envtl. Servs., Inc. v. N. River Ins. Co.*, 536 F. Supp. 2d 633, 645

(E.D. Va. 2008) (noting that a duty to indemnify springs from the facts discovered or proven at trial).

Regarding the third *Nautilus* factor, the Court finds that there is entanglement regarding the factual issues in the state court and this Court. Specifically, there is a significant overlap with the facts regarding the duty to indemnify issue before this Court and the negligent entrustment claim before the state court, which both seek to determine whether Ms. Duck negligently entrusted her vehicle to Mr. Burrell. Finally, as to the fourth *Nautilus* factor, the Court finds no evidence of procedural fencing.

Here, the four factors weigh against this Court exercising jurisdiction over the duty to indemnify issue. The concerns regarding Article III standing also weighs against exercising jurisdiction. *Trustgard*, 942 F.3d at 201 (instructing that courts should exercise their discretionary jurisdiction with caution when doing so would raise serious questions about Article III jurisdiction). Thus, given the circumstances in this case, the Court declines to exercise jurisdiction over the duty to indemnify issue while the underlying state court action is pending.

   b. *Duty to Defend*

Next, Defendant argues that this Court should refrain from exercising jurisdiction over Plaintiff's remaining duty to defend claim because it overlaps with the pending state court action. ECF No. 52. Specifically, Defendant argues that any finding from this Court on whether Ms. Duck permitted Mr. Burrell to utilize the vehicle at the time of the accident, would interfere with the state court proceeding which is presented with the same question with respect to its negligent entrustment claims against Ms. Duck. *Id.* at 5–6. Plaintiff, however, argues that because the state court claim sounds in tort, and the declaratory action is based on contract, this Court should exercise its discretion to hear the matter. ECF No. 53.

6

In deciding whether to exercise jurisdiction to hear the duty to defend issue, the Court again considers the four *Nautilus* factors. First, the issue before this Court is whether Goodville owes any duty to defend the Estate of Mr. Burrell in the underlying state court action. ECF No. 39 at ¶34. The state interests concerning this issue are not particularly advanced because the contractual obligation before this court is neither before the state court nor is Goodville a party to the state action. *See Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 414 (4th Cir. 2004) (holding that the State's interests will not be significantly advanced where the contractual coverage issue will not be decided by the state tort case, and plaintiff was not a party to the state case).

As to the second *Nautilus* factor, there is no indication that the state will be able to resolve the issue more efficiently than the federal court. As stated previously, the state is not deciding the contractual coverage issue, and Goodville is not a party to the underlying state court action. Though this diversity action is governed by Virginia law and the state has a strong interest in deciding state issues, this alone does not weigh in favor of the state resolving the issues more efficiently, especially where the state law issue regarding duty to defend does not rise to the level of "difficult, complex, or unsettled." *Id.* at 414.

Regarding the third *Nautilus* factor, the Court does not find, specifically with the duty to defend issue before the Court, that there are overlapping issues of fact and law that might create unnecessary entanglement between the state and federal courts. *Id.* at 412. Although Main Street argues that any finding from this Court on whether Ms. Duck permitted Mr. Burrell to utilize the vehicle at the time of the accident would interfere with the negligent entrustment claim before the state court, this Court need not decide any factual issues to determine Goodville's duty to defend. To determine coverage, this Court must compare what is alleged against the insured in the underlying state court action to the language of Goodville's insurance policy. *Id.* at 413 (noting

that under Virginia law, an insurer's duty to defend arises "whenever the complaint against the insured alleges facts and circumstances, some of which, if proved, would fall within the risk covered by the policy"); *Minnesota Lawyers Mut. Ins. Co. v. Antonelli, Terry, Stout & Kraus, LLP*, 355 F. App'x 698, 702 (4th Cir. 2009) (noting that based on the four corners rule, the duty to defend question does not require the district court to resolve factual questions at all); *Builders Mut. Ins. Co. v. Futura Grp., L.L.C.*, 779 F. Supp. 2d 529, 532 (E.D. Va. 2011) (noting the same). Therefore, there is no entanglement present in the duty to defend issue before the Court.

Finally, there is no evidence from the record that Goodville is forum shopping in this case. The declaratory judgment action before this court is separate and independent from the state court action. The question of whether to defend is a pressing question given the pending state court action in which Goodville is providing a defense to both Ms. Duck and Mr. Burrell. ECF No. 39 at ¶ 32. Goodville therefore has a strong interest in a speedy resolution of the duty to defend issue. *See Aetna Cas. & Sur. Co. v. Compass & Anchor Club, Inc.*, 820 F. Supp. 240, 242 (E.D. Va. 1993) (noting that if the duty to defend issue is deferred until after the resolution of the state claim, plaintiff risks expending funds it may not be able to recover).

Thus, after consideration of each of the *Nautilus* factors, the Court finds that the factors weigh in favor of this Court exercising jurisdiction over Goodville's duty to defend issue.

## IV. CONCLUSION

Based on the foregoing reasons, Defendant Main Street's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Main Street's Motion to Dismiss is **GRANTED** with respect to the duty to indemnify claim. Main Street's Motion to Dismiss is **DENIED** with regards to the duty to defend claim. The Court will therefore exercise jurisdiction over Plaintiff's duty to defend claim.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 21, 2020

/s/
Raymond A. Jackson
United States District Judge